IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY M. HARRIS                                                        PLAINTIFF

        v.        Civil No. 04-4035

DANIEL McGUINNESS, Center
Supervisor, Southwest Arkansas
Community Corrections Center;
MRS. HOUFF, Captain of Security;
SGT. CLARK; and MR. SMITH                                                DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Anthony Harris filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on March 1, 2004. His complaint was filed in forma pauperis (IFP).

On August 31, 2005, defendants filed a motion to dismiss (Doc. 18). On September 13, 2005, the undersigned entered an order (Doc. 21) directing Harris to complete, sign and return an attached questionnaire that would serve as his response to the motion to dismiss.

The plaintiff's response to the questionnaire was to be returned by October 13, 2005. On September 19, 2003, mail sent to Harris by the court was returned as undeliverable. On October 3, 2005, mail sent to Harris by the court was again returned as undeliverable. This mail included the court's order and attached questionnaire.

No other address appears in the file for Harris. Plaintiff has not informed the court of any change in his address. Plaintiff has not communicated with the court.

I therefore recommend Harris' claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b). Further, the plaintiff has failed to keep the court informed of his current address as required by Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas. Rule 5.5(c)(2)

provides in relevant part that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address."

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of October 2005.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE